IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GRACE Y. KIM, | ) | CIV. NO. 13-00616 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | DEFENDANT'S MOTION FOR |
| vs. | ) | DISMISSAL OR TRANSFER, DOC. |
| | ) | NO. 5; AND (2) TRANSFERRING |
| JOHN McHUGH, in his capacity as | ) | ACTION TO THE EASTERN |
| the Secretary of the Army, | ) | DISTRICT OF VIRGINIA |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING DEFENDANT'S MOTION FOR DISMISSAL OR TRANSFER, DOC. NO. 5; AND (2) TRANSFERRING ACTION TO THE EASTERN DISTRICT OF VIRGINIA**

**I. INTRODUCTION**

On November 15, 2013, Plaintiff Grace Y. Kim ("Plaintiff"), who is employed at the Yongsan Garrison, Seoul, Korea, filed this action against John McHugh, in his capacity as the Secretary of the Army ("Defendant"), alleging claims for workplace discrimination on the basis of race, national origin, and gender, and retaliation in violation of Title VII of the Civil Rights Act of 1964.

Currently before the court is Defendant's Motion for Dismissal or Transfer, arguing that venue is improper in the District of Hawaii. Doc. No. 5.

Based on the following, the court GRANTS Defendant's Motion and TRANSFERS this action to the Eastern District of Virginia.

## II. BACKGROUND

As alleged in the Complaint, since 2008, Plaintiff has been employed as the Community Relations Officer, Protocol Advisor, and interpreter for the Eighth Army Commanding General, Chief of Staff, at the Yongsan Garrison, Seoul, Korea. Doc. No. 1, Compl. ¶¶ 4, 8. Plaintiff asserts that from June 2012 to November 2012, she was subjected to a hostile work environment on the basis of her race, national origin, and gender by her immediate supervisor, Monika Tanedo. Doc. No. 1, Compl. ¶ 9. Plaintiff sought redress by contacting the EEO Director, Linda Gilmore, who allegedly failed to advise Plaintiff of the appropriate office to process her EEO complaint and misrepresented her authority to process and resolve Plaintiff's EEO complaint. *Id.* ¶ 10. After filing her EEO complaint, Plaintiff was allegedly subjected to additional adverse employment actions. *Id.* ¶ 13.

Plaintiff filed suit in the District of Hawaii on November 15, 2013. Plaintiff filed an Opposition on April 4, 2014, Doc. No. 12, and Defendant filed a Reply on April 14, 2014. Doc. No. 13. Pursuant to Local Rule 7.2(d), the court determines Defendant's Motion without a hearing.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to raise the defense of improper venue. Once venue is challenged, the plaintiff has the burden of proving that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In deciding a Rule 12(b)(3) motion, the court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the nonmoving party." *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (as amended)). The court may consider facts outside the pleadings and need not accept the pleadings as true. *Id.*; *see also Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005).

## IV. ANALYSIS

Defendant argues that venue is improper in this district and that Plaintiff's Complaint should therefore be dismissed or transferred to the Eastern District of Virginia, where venue is proper. The court agrees that venue does not lie in Hawaii and transfers this action to the Eastern District of Virginia.

Title VII includes its own mandatory venue statute, which "seeks to 'limit venue to the judicial district concerned with the alleged discrimination.'"

*Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting *Stebbins v. State Farm Mutual Auto Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)); *see also Johnson v. Payless Drug Stores Nw.,* Inc., 950 F.2d 586, 587 (9th Cir. 1991) (describing 42 U.S.C. §2000e-5 as "mandatory"). In particular, 42 U.S.C. §2000e-5(f)(3) provides that a plaintiff may bring an action in any judicial district where (1) "the unlawful employment practice is alleged to have been committed," (2) "the employment records relevant to such practice are maintained and administered," or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice." If the defendant is not found within any of these districts, a plaintiff is provided a fourth option, and may bring the action "within the judicial district in which the respondent has his principal office." *Id.*

Plaintiff bases her venue argument on the second prong -- that her employment records are maintained and administered in Hawaii. *See* Doc. No. 12, Pl.'s Opp'n at 5 ("To fall within the ambit of 42 U.S.C. § 2000e-5(f)(3), she needs to show that her employment records are maintained and administered in the District of Hawaii.").[1] But as asserted by Charlene Myles, a Supervisory Human

---

[1] Plaintiff does not argue that the other prongs apply, and the court finds no basis for them either. For the first prong, Plaintiff concedes that all of the unlawful employment practices that are the basis of her claims occurred in South Korea, not Hawaii. *See* Doc. No. 12, Pl.'s
(continued...)

Resources Specialist at the Yongsan Garrison, and Anna Revere, EEO Director at the EEO office in Yongsan Garrison, Plaintiff's employment records are located at the EEO and Human Resources Offices at Yongsan Garrison, not Hawaii. *See* Doc. No. 5-2, Charlene Myles Decl. ¶ 9;[2] Doc. No. 5-3, Anna Revere Decl. ¶ 7. Plaintiff's arguments to the contrary fail to rebut this evidence.

For example, Plaintiff argues that Plaintiff's records appear to be located in the District of Hawaii given that the U.S. Army's website describing the

---

[1](...continued)
Opp'n at 5 ("Plaintiff would agree that the assertion that all the events which led to her complaint occurred on a U.S. Army Base located in Korea."). And although Plaintiff "points out" that Monique Mixon, an EEO Counselor located in Hawaii, interviewed Plaintiff and prepared an EEO Report, *see* Doc. No. 12, Pl.'s Opp'n at 5, these facts do make venue appropriate under the first prong. Plaintiff's claims are not based on any misconduct by Ms. Mixon, and the location of EEO processing, on its own, does not provide a basis for venue. *See, e.g.*, *Taylor v. Shinseki*, --- F. Supp. 2d ----, 2014 WL 350261, at *2 (D.D.C. Jan. 31, 2014) (rejecting that the location of the EEO decision formed a basis for venue because "the venue statute speaks of 'unlawful employment practices,' and [the plaintiff] has not alleged that any conduct amounting to an unlawful employment practice [such as irregularities in the adjudication process] occurred in this district"). Nor does the third prong apply -- Plaintiff does not assert that she would have worked in the District of Hawaii but for the alleged Title VII violations. The fourth prong does not apply either -- although the headquarters of the United States Army, Pacific may be located in Hawaii, the Defendant in this action is the Secretary of the United States Army, John McHugh, whose principal office is the Pentagon located in the Eastern District of Virginia. *See* Doc. No. 5-2, Charlene Myles Decl. ¶ 5. *See, e.g.*, *Cooper v. Dep't of Army*, 2013 WL 6631618, at *6 (D. Neb. Dec. 17, 2013) (explaining that principal office of the United States Army is the Pentagon); *Saran v. Harvey*, 2005 WL 1106347, at *4 (D. D.C. May 9, 2005) (same).

[2] Charlene Myles, Supervisory Human Resources Specialist for the United States Army in Yongsan Garrison, Seoul, Korea, clarifies that although the physical copy of Plaintiff's "OPF" is in the National Personnel Records Center in St. Louis Missouri, the electronic OPF is still maintained and administered by the HR Office in Yongsan. Doc. No. 5-2, Myles Decl. ¶ 9. Neither party asserts that Missouri is the proper venue of this action.

5

U.S. Army, Pacific ("USAPAC"), provides that the Korea-based U.S. Army's personnel and administrative functions are integrated with the USAPAC, which is headquartered at Fort Shafter, Hawaii.  Doc. No. 12-16, Pl.'s Ex. N.  Contrary to Plaintiff's argument, the fact that the USAPAC *headquarters* are located in Hawaii does not establish that Plaintiff's *employment records* are located in Hawaii.  Thus, the integration of the U.S. Army's South Korea operations into USAPAC does not suggest that Plaintiff's employment records are located in this district.

Plaintiff also argues that *some* of Plaintiff's records are present in Hawaii given that Ms. Mixon prepared her EEO Report in Hawaii.  *See* Doc. No. 12, Pl.'s Opp'n at 5-6.  Plaintiff's argument ignores that courts have "firmly rejected the argument that the location where Plaintiff's EEO complaints were initiated and processed provides a basis for venue under prong 2 of § 2000e-5(f)(3)."  *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 176-77 (D.D.C. 2011) (collecting cases).  This reasoning is sound -- any records in Hawaii are for the administrative processing of Plaintiff's claims and are not "employment records" as contemplated by § 2000e-5(f)(3).  *See also Amirmokri v. Abraham*, 217 F. Supp. 2d 88, 90-91 (D.D.C. 2002) ("While it may be true that records relating to plaintiff's unlawful employment practice complaint and the investigation thereof are maintained in the District of Columbia, such records are not 'employment

records' within the meaning of the statute."); *Lee v. England*, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) ("Plaintiff's assertion that the 'administrative processing' of his case has been through the Human Resources Office at the Washington Navy Yard seeks to sidestep the language of the statute, which deals not with administrative processing of the litigation but with the maintenance and administration of employment records relevant to the challenged employment practice.").

Plaintiff further asserts that venue is proper under the second prong given "the widespread use of computerized and cloud-based storage for employment records." *See* Doc. No. 12, Pl.'s Opp'n at 7. Courts have correctly rejected this argument, and instead "held that the mere electronic accessibility of the 'master set' of records from other districts does not provide an adequate basis for venue." *Taylor v. Shinseki*, --- F. Supp. 2d ----, 2014 WL 350261, at *3 (D.D.C. Jan. 31, 2014) (collecting cases); *see also Valerino v. Holder*, --- F. Supp. 2d ----, 2013 WL 6529203, at *2 (D.D.C. Dec. 13, 2013) ("[T]he electronic accessibility of documents in this district does not satisfy § 2000e-5(f)(3)'s second provision . . . because the statute contemplates venue in the single judicial district where the records are 'maintained and administered,' not wherever records could be accessed." (quoting *Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 259 (D.D.C.

2013)). Indeed, given that electronic records are accessible anywhere, to accept Plaintiff's proposition would mean that she could bring her action in *any* district she sees fit, rendering § 2000e-5(f)(3) meaningless. No court has accepted such a broad interpretation of § 2000e-5(f)(3), and this court rejects it as well. The court therefore concludes that the second prong of § 2000e-5(f)(3) does not apply.

Beyond her arguments regarding the location of her employment records, Plaintiff appears to raise a convenience argument under 28 U.S.C. § 1404, asserting that Plaintiff's counsel resides and practices in Hawaii, USAPAC's administrative and personnel functions are located in Hawaii, the EEO Counselor who interviewed Plaintiff is located in Hawaii, and Hawaii is more accessible to witnesses located in Korea. Plaintiff ignores, however, that before the court considers the convenience of the parties and availability of evidence, venue must be proper in such district in the first place. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented"). The caselaw cited by Plaintiff does not suggest otherwise.[3]

---

[3] *See, e.g.*, *Taylor*, 2014 WL 350261, at *4 (transferring case to another district based on convenience of the parties after determining that venue was proper in either district); *Campbell v. U.S. Dep't of the Navy*, 2013 WL 3863878, at *2 (E.D. La. July 23, 2013) (transferring case to
(continued...)

In sum, the court finds that venue is improper in the District of Hawaii. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court has discretion in determining whether to transfer or dismiss an action for improper venue. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). After considering the circumstances of this action, including that the merits of this case have yet to be addressed, the court finds that it is the interest of justice to transfer this action to the Eastern District of Virginia. The Eastern District of Virginia is the only district with proper venue -- as explained above, the facts relevant to this action all occurred in Korea, Plaintiff's employment records are located in Korea, and the U.S. Army's principal place of business, the Pentagon, is located in the Eastern District of Virginia.

///

///

///

///

---

[3](...continued)
district where venue was proper); *Corbett v. McHugh*, 2011 WL 6370997 (M.D.N.C. Dec. 20, 2011) (considering motion to transfer venue pursuant to 28 U.S.C. § 1404); *Counts v. Reno*, 1996 WL 148510 (D.D.C. Mar. 28, 1996) (transferring to a district with proper venue).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Defendant's Motion and TRANSFERS this action to the Eastern District of Virginia.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 18, 2014.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kim v. McHugh*, Civ. No. 13-00616 JMS-KSC, Order (1) Granting Defendant's Motion for Dismissal or Transfer, Doc. No. 5; and (2) Transferring Action to the Eastern District of Virginia